## CONTINENTAL SAVINGS & BUILDING ASS'N v. TALIAFERRO et al.

### No. 12341.

Court of Civil Appeals of Texas. Fort Worth.

June 7, 1930.

Wm. H. Flippen and John T. Gano, both of Dallas, for plaintiff in error.

Glenn Smith, of Fort Worth, for defendants in error.

DUNKLIN, J.

This suit was instituted by the city of Fort Worth for the use and benefit of the General Construction Company to recover for the paving of a portion of Avenue B in the city of Fort Worth. The paving was done by the General Construction Company under a contract let by the city therefor, and all the proceedings required by law in such cases made and provided necessary to fix a lien upon the abutting property and fix personal liability upon the owner of such property were complied with. In addition thereto, A. Taliaferro and wife, Lois Taliaferro, executed a contract in terms of law to pay to the contractor $260.36 as the cost of the paving on lot 11, block 1, in Polytechnic Heights addition to the city, fronting on the street to be so paved. That contract was duly executed and acknowledged, as required by law, by said Taliaferro and wife, and it also provided for a lien on said lot to secure the payment of that sum.

The suit was upon a certificate issued by the city to the General Construction Company for the $260, the amount assessed by the city against their property, together with interest thereon and for reasonable attorney's fees. There was also a prayer for foreclosure of the lien on the property for such improvement.

A. Taliaferro and wife, Lois Taliaferro, Mrs. Della B. Adams, and the Continental Savings & Building Association were all made parties defendant. It was alleged in the petition that Mrs. Della B. Adams and the Continental Savings & Building Association were claiming some interest in the property, but that plaintiff's claim was superior to any supposed interest in those defendants.

The suit was filed February 7, 1929, and on March 14, 1929, a judgment by default was rendered against all those defendants, reciting that, although duly served with citation, they had failed to answer and appear, but had wholly made default.

A personal judgment was rendered against A. Taliaferro for $290.69, the amount of the assessment with accrued interest, together with $50 attorney's fees, aggregating $340.69, and for foreclosure of the paving lien as against all of the defendants; but there was no personal judgment against any of the defendants except A. Taliaferro.

There was a further decree that the property be sold as under execution to satisfy the judgment so rendered, with interest and costs of suit.

On September 3, 1929, on motion of the General Construction Company, a penalty of $78.03 was assessed against the Continental Savings & Building Association, defendant in the suit, for its failure to pay the amount it had bid at sheriff's sale for the property which had been sold under the foreclosure decree; that proceeding being under and by virtue of article 3821, Rev. Civ. Statutes of 1925.

On September 3, 1929, the Continental Savings & Building Association filed its petition for writ of error, seeking a reversal of the original judgment rendered against it in said suit, and also of the subsequent order assessing the penalty noted above. On the same day, plaintiff in error also filed its supersedeas bond in the sum of $1,400, conditioned that it would prosecute its writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals was against it, that it would perform its judgment, sentence, or decree, and pay all such damages as said court might award against it.

Plaintiff in error filed assigments of error in the trial court complaining, among other things, of the lack of jurisdiction to render the original judgment and also lack of jurisdiction to assess the statutory penalty; but no briefs have been filed by the plaintiff in error, nor is there any statement of facts in the record.

But appellees have filed briefs asking for an affirmance of the judgment.

Unquestionably, the trial court had jurisdiction to render the original judgment and also to assess the statutory penalty. Furthermore, the proceedings were in all respects regular, and plaintiff in error suffered a default judgment in the original suit and filed no answer to the motion of the plaintiff to have the statutory penalty assessed against it.

Accordingly, the original judgment of the trial court and also the judgment assessing the penalty are affirmed.